HOWARD H. HERSTROM v. THE PARK AND RECREATION BOARD OF THE CITY OF MINNEAPOLIS.

248 N. W. 2d 327.

December 17, 1976—No. 46377.

*Brandt, Harrigan & Hanley* and *William J. Hanley,* for appellant.

*Popham, Haik, Schnobrich, Kaufman & Doty* and *Frederick S. Richards,* for respondent.

Considered and decided by the court without oral argument.

544

Per Curiam.

This is an appeal from a determination of the Hennepin County District Court dismissing Howard W. Herstrom's action and concluding that the Park and Recreation Board of the city of Minneapolis acted properly in abolishing an employment position held by him. We affirm.

Plaintiff was employed by defendant board for a continuous period of 29 years (with the exception of 3 1/2 years during World War II) prior to the termination of his employment on June 9, 1967. Although he had initially been hired in 1938 as a junior clerk, he was promoted to several positions until he reached the position of accountant, in which he was employed at the time of his termination.

In January 1966, Robert W. Ruhe was newly employed as the superintendent of the Park and Recreation Board, charged with the responsibility of general administration, as well as analysis and possible reorganization of the board should circumstances warrant. Ruhe initially familiarized himself with the various departments and their personnel prior to implementing the restructuring of the board.

On May 1, 1967, Ruhe and Charles A. Hearn, manager of finance and plaintiff's immediate supervisor, orally informed plaintiff that his position was to be abolished. At the trial Ruhe testified that his personal observation and experience led him to conclude that the functions performed by plaintiff had become duplicative and unnecessary to the efficient operation of the board. A confirmatory letter was sent to plaintiff on June 1, 1967, indicating that the position was to be formally abolished on June 9, 1967, and that based upon plaintiff's accumulated vacation benefits, plaintiff would remain on the payroll through July 7, 1967.

Plaintiff communicated with the director of the Minneapolis Civil Service Commission, John Proctor, and was informed that the board is empowered to abolish unnecessary positions and that the grievance procedures of the commission were unavailable to him.

The instant action was commenced by plaintiff, who alleged that he had been illegally and arbitrarily discharged from his employment and that the discharge was the result of the negligence, malfeasance, misfeasance, and nonfeasance of the Park and Recreation Board, the city of Minneapolis, and Ruhe.[1] Plaintiff sought judgment in the amount of $170,000.

The trial court concluded that defendant had not acted wrongfully, illegally, or arbitrarily in discharging plaintiff or in abolishing his posi-

---

[1] The city of Minneapolis and Ruhe were subsequently dismissed from the action upon the stipulation of the parties.

tion of accountant on June 9, 1967. The proceedings were dismissed upon the court's conclusion that plaintiff had failed to state any claim against defendant upon which relief could be granted.

Plaintiff appealed, asserting as a principal issue the question whether the action of the board constituted a discharge of plaintiff from his employment rather than an abolition of the position.

The standard of review in matters of this nature is whether there is substantial evidence to conclude that the board acted in good faith—and not as a subterfuge to oust a civil service employee from his position—to abolish the position for a legitimate purpose. State ex rel. Niemi v. Thomas, 223 Minn. 435, 27 N. W. 2d 155 (1947).

The facts adduced at the trial led to our conclusion that substantial evidence exists to support the lower court's findings that the position was abolished. Although plaintiff contends that a lack of good faith is exhibited by defendant's subsequent re-creation of the abolished position, this assertion is without evidentiary support. The allegedly re-created position was created and advertised in 1971, approximately 4 years after plaintiff's termination. An assistant manager of finance was sought to facilitate the training of an individual to replace the manager of finance upon his impending retirement in 1972. The position was sufficiently dissimilar to plaintiff's former position to defy the comparison proffered by plaintiff. In addition, the position was temporary and was abolished upon the manager's subsequent retirement. These facts, as well as plaintiff's recognition on the record of a reduction in the auditing and accounting workload during the period from 1966 to 1967 and the established lack of personal animosity between plaintiff and the superintendent, are sufficient to support a finding that the board properly abolished the position.

We therefore conclude that there is substantial evidentiary support for the trial court's finding that the position in which plaintiff had been employed was abolished and that plaintiff was not discharged, either in fact or by subterfuge.

Plaintiff also attacks the conclusion of the lower court that—

"[d]efendant, in *discharging* plaintiff as an employee of defendant on or about June 9, 1967, did not act wrongfully, illegally, arbitrarily, negligently, or with malfeasance, misfeasance and nonfeasance." (Italics supplied.)

Plaintiff contends that this conclusion is wholly inconsistent with the court's finding that defendant did not illegally abolish his position of accountant. However, a reading of the findings of fact and conclusions of law in their entirety indicates that while the lower court might more

providently have chosen a word less ambiguous in this context than "discharge," that use is not tantamount to a finding that, as plaintiff alleges, the position was not abolished.

The judgment of the district court is therefore affirmed in all respects.

Affirmed.